**Hillary A. Brooks**, Oregon State Bar No. 012138
hillary.brooks@techlaw.com
**Delfina S. Homen**, Oregon State Bar No. 104088
delfina.homen@techlaw.com
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon 97204
Phone: (503) 222-3613
Fax:    (503) 274-4622

**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **VEFXI CORPORATION**, an Oregon corporation,<br>**Plaintiff,**<br><br>v.<br><br>**JAVED BARKATULLAH**, an individual, and **BARKATECH CONSULTING, LLC**, an Oregon limited liability corporation,<br>**Defendants**. | Case No. 3:13-cv-02057-BR<br><br>**Specially Appearing Defendant Javed Barkatullah's MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 21<br>**Request for Oral Argument** |

**MEMORANDUM IN SUPPORT OF SPECIALLY APPEARING DEFENDANT JAVED BARKATULLAH'S MOTION TO DISMISS**

Specially appearing Defendant Javed Barkatullah, by and through the undersigned counsel, hereby submits this Memorandum in Support of Mr. Barkatullah's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 21. Mr. Barkatullah requests that the

Court issue an Order dismissing all claims against him with prejudice.[1]

## INTRODUCTION

On or about October 18, 2013, Plaintiff VEFXi Corporation ("Plaintiff" or "VEFXi") filed a complaint in the circuit court for Washington County, Oregon against Mr. Barkatullah and against Barkatech Consulting, LLC ("Barkatech"), a member-managed Oregon limited liability company of which Mr. Barkatullah is the sole member.[2] The action was timely removed to this Court on November 19, 2013. (*See* Dkt. #1.)

Plaintiff's complaint includes claims for breach of contract, violation of the Oregon Trade Secrets Act, and conversion, as well as a request for a declaration of ownership of certain technology and a request for injunctive relief. (*See* Compl., Dkt. #1-1.) Each claim is based on, and relies upon, a pair of contracts, which are attached as Exhibits A and B to the complaint. However, as is apparent on their faces, both contracts are entered into by and between Plaintiff and Defendant ***Barkatech***; Mr. Barkatullah is not a party to either contract. (*See id.* Ex. A, Ex. B at 1.) Plaintiff does not allege the existence of, nor does Plaintiff provide, any written contract by and between Plaintiff and Mr. Barkatullah, nor is there any such contract in existence.

ORS 63.165 expressly states that "[a] member or manager [of an Oregon limited liability company] is not personally liable for a debt, obligation or liability of the limited liability company solely by reason of being or acting as a member or manager." Because Plaintiff's claims against Mr. Barkatullah are predicated on two contracts to which Mr. Barkatullah is not party, and because Plaintiff has not alleged any facts that would support maintenance of the

---

[1] Mr. Barkatullah is not a proper party to the suit and makes a special appearance for the purposes of filing this Motion. Mr. Barkatullah does not waive, and specifically reserves, the right to challenge the sufficiency of the claims against him (*see infra*), as well as the exercise of personal jurisdiction over him in this matter.
[2] Defendant Barkatech is not a party to this Motion.

claims against Mr. Barkatullah in light of ORS 63.165, Plaintiff's claims against Mr. Barkatullah should be dismissed with prejudice, and the action should proceed only as to Defendant Barkatech.

## ARGUMENT

### I. Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires "more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 556 & n.3 (stating that Fed. R. Civ. P. 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief").

A two-pronged approach is used for determining whether a motion to dismiss for failure to state a claim should be granted. *Iqbal*, 129 S. Ct. at 1949. First, allegations that are mere legal conclusions are identified; such allegations are not entitled to an assumption of truth and cannot be the grounds for finding a plausible claim. *See id.* at 1951. Second, factual allegations are examined to see if they facially suggest plausible entitlement to relief. *Id.*

A motion to dismiss may be based on the lack of a cognizable legal theory or the absence of sufficient factual allegations. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a

motion to dismiss. *Cholla Ready Mix, Inc. v. Civish*, 383 F.3d 969, 973 (9th Cir. 2004); *see also Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences). Further, the court need not assume that plaintiff can prove facts different from those it has alleged. *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1090 n.13 (C.D. Cal. 2002) (citing *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

On a motion to dismiss for failure to state a claim, the court may properly consider documents attached to the complaint. *See Brown v. Rumsfeld*, 211 F.R.D. 601, 604 (N.D. Cal. 2002) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). Contracts integral to the complaint may be considered; the court need not accept plaintiff's description of the contract, but may rather look to the contract to determine whether the complaint can withstand the motion to dismiss. *Bovee & Thill LLC v. Pearson Educ., Inc.*, 564 F. Supp. 2d 199, 200 (S.D.N.Y. 2008); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (concluding that the "contract language . . . unambiguously foreclose[d]" plaintiff's claims).

Under Fed. R. Civ. P. 21, the court may, on a motion or on its own, drop a party at any time. This rule is available to defendants as well as plaintiffs. *See, e.g.*, *U.S. v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962).

## II. The Complaint Fails to State a Claim Upon Which Relief May be Granted as to Mr. Barkatullah

Throughout the Complaint, Plaintiff treats Mr. Barkatullah as part and parcel with Defendant Barkatech, apparently because, according to Plaintiff, 1) Mr. Barkatullah "was the Principal and sole member of Barkatech Consulting LLC," 2) Mr. Barkatullah "personally directed, actively participated in, and carried out all activities of Defendant Barkatech," and 3)

"Defendant Barkatech took no actions except through Defendant Barkatullah." (Compl. ¶ 2.) As an initial matter, Defendant Barkatech is a limited liability company. Any limited liability company, just like any corporation, must of necessity operate through its members or managers. Laws limiting liability for such companies would have no meaning if Plaintiff's theory were correct and parties such as Mr. Barkatullah could be sued in their individual capacities simply by virtue of being or acting as an officer of the company. Further, Plaintiff's allegations are mere legal conclusions that are not entitled to an assumption of truth and that cannot be grounds for finding a plausible claim. *Iqbal*, 129 S. Ct. at 1951. Plaintiff provides no factual matter to support its claims vis-à-vis Mr. Barkatullah. Instead, Plaintiff points to two contracts, a "Confidentiality and Mutual Non-Disclosure Agreement" (hereinafter "Initial NDA") and an "Independent Contractor Agreement" (hereinafter "Contract"),[3] and concludes that because Mr. Barkatullah signed the contracts on behalf of Defendant Barkatech, Mr. Barkatullah is himself personally liable for Plaintiff's claims arising out of the obligations and liabilities created under those contracts.

Plaintiff's position is untenable. Mr. Barkatullah ***is not a contracting party to either contract.*** The Initial NDA states that that agreement "is entered into . . . by and between VideoEFX Corporation,[4] a wholly owned Enterprise established under the laws of the State of Oregon, USA, 'VIDEOFX' and ***Barkatech Consulting LLC***, a company established under the laws of the State of Oregon." (Compl. Ex. A (emphasis added).) Nowhere does the Initial NDA state that Mr. Barkatullah is a contracting party, and Mr. Barkatullah, an individual, is obviously

---

[3] "Initial NDA" and "Contract" are Plaintiff's chosen nomenclature from the Complaint, and are used herein to refer to the two contracts at issue purely to avoid confusion. Use of Plaintiff's nomenclature and is not intended to be an admission or acceptance of any of Plaintiff's claims.

[4] According to Oregon Secretary of State records, "VideoEFX Corporation" is Plaintiff's former corporate name.

not "a company established under the laws of the State of Oregon" as recited in the Initial NDA. Nor does the Initial NDA include any obligations pertaining to Mr. Barkatullah; rather, the Initial NDA's provisions pertain only to the "parties" to the agreement. As is plain on the face of the Initial NDA, those parties *only* include Plaintiff and Defendant Barkatech, not Mr. Barkatullah.

Likewise, the Contract states that that agreement "is made between VideoEFX Corporation . . . and ***Barkatech Consulting, LLC***," defining Barkatech Consulting, LLC as "Contractor." (Compl. Ex. B at 1 (emphasis added).) Nowhere does the Contract state that Mr. Barkatullah is a contracting party. In fact, the Contract contemplates that *only* companies, not individuals, will contract with Plaintiff as independent contractors, as the blank to be filled in by the "Contractor" explicitly states "***Company*** Name," not "Company or Individual's Name":

> **VideoEFX Corporation**
> **Independent Contractor Agreement**
>
> This Agreement is made between VideoEFX Corporation with dba: VEFXi (VideoEFX) with a principal place of business at 13456 NW Jackson Quarry Rd, Hillsboro, OR 97124 and
>
> __Barkatech Consulting, LLC_____
> Company Name
>
> Address: __14197 NW Stonebridge Dr._____
>
> ____Portland, OR____     __97229__     __503-799-9131__
> City                     Zip Code      Best Contact Phone# & email
>
> Hereafter known as Contractor. Contractor agrees to:
> - Perform operations management and various business management functions for VideoEFX starting September 1, 2011.
> - Compensation will be $2000 per month paid at the end of the month.
> - Contractor will supply VideoEFX with a filled out W9 form, and direct deposit account routing & account number for compensation payments.

(Compl. Ex. B at 1.) Further, the Contract does not include any obligations pertaining to Mr. Barkatullah; rather, the Contract includes provisions pertaining to "Contractor" (defined as Barkatech Consulting, LLC) or the "parties" to the agreement. Again, as is plain on the face of the Contract, those parties *only* include Plaintiff and Defendant Barkatech, not Mr. Barkatullah.

In the Complaint, Plaintiff makes vague and illusory references to various oral modifications to the Contract purportedly entered into by Plaintiff, Defendant Barkatech, and Mr. Barkatullah.  (*See, e.g.*, Compl. ¶ 53 ("[O]n or about September 2012 the parties agreed upon modifications to the Contract."); *id.* ¶ 57 ("[O]n or about September 2012, the parties entered into an oral contract. . . . All other terms were incorporated from the Contract.").)  Nowhere does Plaintiff allege that any of these supposed oral modifications included making Mr. Barkatullah a contracting party to the Contract or the Initial NDA, and the court accordingly need not assume that Plaintiff can prove such facts.  *See Wynn*, 234 F. Supp. 2d at 1090 n.13.

Further, on the faces of the Contract and the Initial NDA, it is apparent that no oral modification could have been created. The Contract explicitly states that it "may not be modified or changed in any manner unless in writing and signed by both parties" (Compl. Ex. B at 3), and the Initial NDA states that it "shall not be modified, amended or altered except by an instrument in writing signed by both of the parties hereto" (*id.* Ex. A).  Plaintiff has not provided any written instruments, signed by Plaintiff and Defendant Barkatech, modifying the contracts, much less modifying them to add Mr. Barkatullah as a contracting party.

Nor can the fact that Mr. Barkatullah signed the Initial NDA and the Contract on behalf of Defendant Barkatech be a basis for maintaining claims against Mr. Barkatullah in his individual capacity.  As ORS 63.165(1) states,

> The debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, are solely the debts, obligations and liabilities of the limited liability company.  A member or manager is not personally liable for a debt, obligation or liability of the limited liability company solely by reason of being or acting as a member or manager.

Plaintiff points to the Initial NDA and Contract as the basis for its claims against Mr. Barkatullah.  However, both contracts were entered into by Defendant Barkatech, not Mr.

Barkatullah; Mr. Barkatullah simply acted as a member of Barkatech by signing the contracts. Accordingly, ORS 63.165(1) precludes Plaintiff's claims against Mr. Barkatullah. The claims as to Mr. Barkatullah should be dismissed pursuant to FRCP 12(b)(6) and FRCP 21.

Finally, because Mr. Barkatullah is demonstrably not a party to either contract, and, under Oregon law, cannot be held liable for Defendant Barkatech's liabilities or obligations arising under those contracts, Plaintiff should not be given leave to amend the Complaint. There are no other facts that could be alleged that would cure Plaintiff's pleading, and accordingly amendment would be futile. Leave to amend need not be granted when, as here, amendment would be futile. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). Plaintiff's claims against Mr. Barkatullah should be dismissed with prejudice.

## CONCLUSION

Filing this lawsuit against Mr. Barkatullah in his individual capacity, rather than simply against the contracting party, is a misguided and legally unsupportable attempt to harass Mr. Barkatullah into acquiescence.[5] Indeed, Plaintiff is itself a closely held corporation with one person, Craig Peterson, acting as the sole officer for the company; just as Mr. Barkatullah signed the contracts on behalf of Defendant Barkatech, Mr. Peterson signed the contracts on behalf of Plaintiff. (*See* Compl. Ex. B at 4.) Yet Mr. Peterson did not join Plaintiff VEFXi in bringing this suit, likely because Plaintiff realized Mr. Peterson's presence is not legally necessary. Mr. Barkatullah's presence is likewise not legally necessary, and is legally precluded. Plaintiff has not pled sufficient facts to maintain any claim against Mr. Barkatullah, and cannot do so. The claims should be dismissed with prejudice as to Mr. Barkatullah, and the action should proceed

---

[5] Indeed, Plaintiff seeks an order enjoining Defendant Barkatech *and* Mr. Barkatullah "from competing with VEFXi in the field of 2D to 3D conversion for a period of five years," despite the fact that Plaintiff does not allege a non-compete agreement that would allow for the grant of such extraordinary relief, likely because no such non-compete exists.

only as to Defendant Barkatech.

Dated this 20th day of November, 2013.

Respectfully submitted,

s/Hillary A. Brooks
Hillary A. Brooks, OSB No. 012138
Delfina S. Homen, OSB No. 104088
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon 97204
Telephone: (503) 222-3613
Facsimile: (503) 274-4622

**Attorneys for Defendants
JAVED BARKATULLAH
BARKATECH CONSULTING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **Specially-Appearing Defendant Javed Barkatullah's MOTION TO DISMISS Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 21**

on:

>   **Fred C. Nachtigal**
>   **NACHTIGAL, EISENSTEIN & ASSOCIATES**
>   **101 SW Washington Street**
>   **Hillsboro, OR 97123**
>
>   **J. Peter Staples**
>   **CHERNOFF VILHAUER LLP**
>   **601 SW Second Avenue, Suite 1600**
>   **Portland, OR 97204**

by transmitting full, true, and correct copies thereof to the attorneys through the Court's CM/ECF system on the date set forth below.

Dated this 20th day of November, 2013.


By:   s/Delfina S. Homen
      Delfina S. Homen